09-0270-ag
Chen v. Holder

BIA
Bukszpan, IJ
A029 814 126

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:
>           GUIDO CALABRESI,
>           ROBERT A. KATZMANN,
>           DEBRA ANN LIVINGSTON,
>                     *Circuit Judges*.

_____

WANG BIN CHEN,
>           *Petitioner*,

>           v.                                                    09-0270-ag
>                                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[1]
>           *Respondent*.

_____

_____

[1]  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Mark Filip as respondent in this case.

FOR PETITIONER:            Thomas V. Massucci, New York, New
                           York.

FOR RESPONDENT:            Tony West, Assistant Attorney
                           General; James A. Hunolt, Senior
                           Litigation Counsel; Craig A. Newell,
                           Jr., Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wang Bin Chen, a native and citizen of China, seeks review of a December 24, 2008, order of the BIA, affirming the September 21, 2006, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which pretermitted his application for asylum and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Wang Bin Chen*, No. A029 814 126 (B.I.A. Dec. 24, 2008), *aff'g* No. A029 814 126 (Immig. Ct. N.Y. City Sept. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Chen concedes that the IJ properly pretermitted his application for asylum because he was statutorily ineligible for such relief based on his conviction for an aggravated felony.[2] *See* 8 U.S.C. § 1158(b)(2)(B)(i). He argues, however, that the agency erred in finding that he failed to demonstrate his eligibility for withholding of removal under 8 U.S.C. § 1231(b)(3) based on the likelihood that he will be forcibly sterilized in China and that he failed to demonstrate his eligibility for withholding of removal under

---

[2] We do not lack jurisdiction by virtue of Chen's having committed an aggravated felony. Pursuant to 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. Although Chen was convicted of an aggravated felony, he was charged only with removability as an alien present in the United States without admission or parole and the resulting order of removal found him removable as charged. Although the IJ and the BIA evaluated Chen's prior conviction for purposes of determining his eligibility for relief from removal, they did not find him *removable* on the basis of the aggravated felony. Consequently, the jurisdiction-stripping provision of § 1252(a)(2)(C) does not apply. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1253 (9th Cir. 2003) (holding that 8 U.S.C. § 1252(a)(2)(C) "precludes judicial review only when an alien is actually determined to be removable and ordered removed on the basis of a covered criminal act").

8 U.S.C. § 1231(b)(3) and CAT relief based on the likelihood that he will be imprisoned and tortured for "his membership in a particular social group of Chinese citizens who have been convicted of crimes while overseas."

Substantial evidence supports the agency's determination that Chen did not establish his eligibility for withholding of removal or CAT relief because he failed to submit any country conditions evidence demonstrating a likelihood that he would be forcibly sterilized, imprisoned, or tortured in China. *See* 8 C.F.R. § 1208.16; *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Because the agency did not err in finding that Chen failed to establish his eligibility for withholding of removal and CAT relief, we need not consider his challenge to the agency's alternative finding that he was statutorily ineligible for withholding of removal based on his conviction for a particularly serious crime. *See* 8 C.F.R. § 1208.16.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk